64 So.3d 1196 (2011)
In re AMENDMENTS TO FLORIDA SMALL CLAIMS RULE 7.090.
No. SC10-1227.
Supreme Court of Florida.
May 12, 2011.
Michele A. Cavallaro, Chair Small Claims Rules Committee, Fidelity National Title Group, Inc., Fort Lauderdale, Florida, Judge Robert W. Lee, Past Chair Small Claims Rules Committee, Seventeenth Judicial Circuit, Fort Lauderdale, Florida, and John F. Harkness, Jr., Executive Director, The Florida Bar, Tallahassee, Florida, for Petitioner.
Judge Pauline Drake, Fourth Judicial Circuit, Jacksonville, Florida, on behalf of the County Court Judges of the Fourth Judicial Circuit; Judge Walt A. Fullerton, Sixth Judicial Circuit, St. Petersburg, Florida; Chief Judge J. Thomas McGrady, B. Elaine New, Court Counsel, and Christina Everton, Staff Attorney, Sixth Judicial Circuit, St. Petersburg, Florida; Chief Judge G. Keith Cary, Twentieth Judicial Circuit, Ft. Myers, Florida, Judge Wayne Miller, President, Conference of County Court Judges of Florida, Sixteenth Judicial Circuit, Key West, Florida, and Chief Judge Terry David Terrell, Chair, Commission on Trial Court Performance and Accountability, First Judicial Circuit, Pensacola, Florida, Responding with comments.
PER CURIAM.
This matter is before the Court for consideration of proposed amendments to Florida Small Claims Rule 7.090 (Appearance; Defensive Pleadings; Trial Date). *1197 We have jurisdiction. See art. V, § 2(a), Fla. Const.
The Florida Bar Small Claims Rules Committee (Committee) has proposed amendments to rule 7.090, subdivisions (a) (Appearance), and (b) (Notice to Appear; Pretrial Conference). The amendments proposed would require that the pretrial conference in a small claims action be conducted before a judge. The Committee's proposals to amend rule 7.090 were first presented to the Court for consideration as a part of the Committee's regular-cycle report, filed in January 2010.[1] At that time, the Court published each of the Committee's proposed amendments for comment in The Florida Bar News. The Court received a number of comments from the public specifically addressing the proposal to amend rule 7.090. Ultimately, because the Court determined that this proposal warranted further study, we entered an order directing that the proposed amendments to rule 7.090 be severed from the regular-cycle report and addressed separately in the instant case. See In re Amendments to the Florida Small Claims Rules, No. SC10-144 (Fla. order to sever entered July 1, 2010).[2] We also requested supplemental materials from the Committee, the Commission on Trial Court Performance and Accountability, the Conference of County Court Judges, and any other party who filed comments specifically addressing rule 7.090. See In re Amendments to Florida Small Claims Rule 7.090, No. SC10-1227 (Fla. order requesting supplemental report entered July 1, 2010). As a result, the Court received several additional comments, some in favor of and some opposed to the Committee's proposed amendments to rule 7.090. Upon consideration of these comments, we decline to adopt the amendments to rule 7.090 as proposed by the Committee. Instead, we adopt the language suggested in the comment from the Sixth Judicial Circuit Court, which allows management of the pretrial conference by nonjudicial personnel subject to direct supervision by the trial judge and mandates that a trial judge be available should his or her presence be necessary.
Accordingly, we amend the Florida Small Claims Rules as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. These amendments shall take effect on July 1, 2011, at 12:01 a.m.
It is so ordered.
CANADY, C.J., and LEWIS, POLSTON, LABARGA, and PERRY, JJ., concur.
PARIENTE, J., concurs in result with an opinion, in which QUINCE, J., concurs.
PARIENTE, J., concurring in result.
I concur in the majority's adoption of a revision to the rule in the hope that it serves the same purpose as the rule proposed by the Florida Bar Small Claims Rules Committee and supported by the Conference of County Court Judges. However, I would have preferred to adopt the rule as proposed, which made clear that at the time of the pretrial conference the plaintiff and defendant appear before a judge, but also explained by a proposed committee note that:

*1198 This change is not intended to prohibit the use of hearing officers, mediators, and other non-judicial court personnel as part of the pretrial process.
Therefore the proposed rule would not have prevented nonjudicial personnel from greeting litigants, explaining the process, calling the docket, or sending the parties to mediation. Rather, as explained by the Committee, the only counties that would be affected are those where the parties do not see a judge before trial and the current inquiry under rule 7.090(b) is not conducted.
While I encourage the use of nonjudicial personnel, particularly mediators, to make the process more efficient and effective, especially in resolving the matter without trial, I stress that the availability of the judge must be meaningful and contemporaneous with the time of the pretrial conference. At the present time, at least two of the counties, Lake County and Madison County, reported that if the case does not resolve at mediation on the day of the pretrial conference, the pretrial conference is set for a later date before a judge. While this may be convenient for judges, it is completely inconvenient for the litigants who are typically unrepresented, who have "small claims," and who must then take another day off from work to attend the pretrial conference with attendant, and often extreme, financial hardship.
The existing version of rule 7.090(b) mandates that six matters be considered at the pretrial conference. The rule as proposed by the Committee made clear that those six matters must be determined by a judge (words underlined are the proposed addition to the rule):
(b) Notice to Appear; Pretrial Conference. The summons/notice to appear shall specify that the initial appearance shall be for a pretrial conference. The initial pretrial conference shall be set by the clerk not more than 50 days from the date of the filing of the action. At the pretrial conference, all of the following matters shall be considered by a judge:
(1) The simplification of issues.
(2) The necessity or desirability of amendments to the pleadings.
(3) The possibility of obtaining admissions of fact and of documents that avoid unnecessary proof.
(4) The limitations on the number of witnesses.
(5) The possibilities of settlement.
(6) Such other matters as the court in its discretion deems necessary.
The purpose of the amendment is to ensure that a party sees a judge at the pretrial conference and that the issues listed above are determined by a judge.
As explained by the Conference of County Court Judges, which supports the proposals, small claims cases are different from most civil cases. Small claims actions are processed through Florida's county courts under a set of rules with a stated goal to reach a "simple, speedy, and inexpensive" resolution of these cases. The current procedural structure provides for only two appearances: a pretrial conference, at which mediation may take place, and a trial. The stated goals and tight timeframes in the rules make it clear that additional appearances, as well as an active motion practice, are discouraged.
The Conference further explains that typically, at a pretrial conference, a small claims case may take one of several courses. First, if the plaintiff does not appear, the case may be dismissed. Second, if the defendant does not appear, a default may be entered. Third, if both parties appear, the case may be referred to mediation. Finally, if none of the first three resolutions is applicable, or if the *1199 case does not settle in mediation, the Small Claims Rules require that the court "shall" consider during pretrial the six items currently set out in rule 7.090(b). At this point, the court may also determine that the case presents "no triable issue" and enter a summary disposition pursuant to Small Claims Rule 7.135.
The Conference explains that the Committee's proposed amendments would more clearly require that a judge preside over the pretrial conference in small claims actions. Currently, the majority of Florida counties provide for judges to preside at such conferences. Nonetheless, in a small minority of counties, the pretrial procedures differ, with varying degrees of judicial involvement. While nonjudicial personnel may assist the judge in handling pretrial conferencesincluding calling the docket, referring cases to a mediator, noting nonappearances for the court, and collecting settlement documents for the judgethe Conference believes a judge must actually be involved at that stage.
I would defer to the expertise of the Committee and the Conference, which voted by "overwhelming majority" to recommend adoption of the Committee's proposed amendments. However, I emphasize that under the substituted rule adopted by this opinion, a "judge must be available to hear any motions and resolve any legal issues," which would presumably include the six matters set forth in subdivision (b). Hopefully, the availability of the judge will be meaningful so that litigants are able to obtain what the rules require: "a simple, speedy, and inexpensive" resolution of these cases.
QUINCE, J., concurs.

APPENDIX

Rule 7.090. Appearance; Defensive Pleadings; Trial Date

APPENDIXContinued
(a) [No change]
(b) Notice to Appear; Pretrial Conference. The summons/notice to appear shall specify that the initial appearance shall be for a pretrial conference. The initial pretrial conference shall be set by the clerk not more than 50 days from the date of the filing of the action. The pretrial conference may be managed by nonjudicial personnel employed by or under contract with the court. Nonjudicial personnel must be subject to direct oversight by the court. A judge must be available to hear any motions or resolve any legal issues. At the pretrial conference, all of the following matters shall be considered:
(1) The simplification of issues.
(2) The necessity or desirability of amendments to the pleadings.
(3) The possibility of obtaining admissions of fact and of documents that avoid unnecessary proof.
(4) The limitations on the number of witnesses.
(5) The possibilities of settlement.
(6) Such other matters as the court in its discretion deems necessary. Form 7.322 shall and form 7.323 may be used in conjunction with this rule.
(c)(g) [No Change]

Committee Notes

[No Change]

Court Commentary

[No Change]
NOTES
[1] The Board of Governors of The Florida Bar unanimously approved the Committee's regular-cycle report.
[2] The Court ultimately adopted the remaining amendments to the Small Claims Rules and Forms as proposed in the Committee's report. See In re Amendments to the Florida Small Claims Rules, 44 So.3d 573 (Fla.2010).